**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dimitri Rozenman,<br><br>            Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>           Defendants. | No. CV-18-00222-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Issue a Subpoena for Nurse K. Vanderkolk. (Doc. 56.)[1] The Motion is accompanied by an attached proposed subpoena. (Doc. 56-1.) Defendants oppose the Motion. (Doc. 57.)

Pursuant to General Order 18-19:

> [A]ny self-represented litigant who wishes to serve a subpoena must file a motion with the Court for issuance of the subpoena. The motion must (1) be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents. The assigned judge shall determine whether the requested subpoena shall issue. Issuance of the subpoena shall not preclude any witness or person subpoenaed, or other interested party, from contesting the subpoena.

Gen. Order 18-19.

Plaintiff's Motion does not set forth the current address of Nurse K. Vanderkolk. Plaintiff lists the addresses of Nurse Vanderkolk's former employer and former place of employment and then indicates that Nurse Vanderkolk now works for a hospital in

---

[1] Also pending is Plaintiff's Motion for Clarification (Doc. 59), which will be resolved separately.

Tucson. Plaintiff does not state the name of the hospital at which Nurse Vanderkolk now works, nor does he provide any other information from which a current address for Nurse Vanderkolk could be ascertained. Accordingly, Plaintiff's Motion fails to comply with General Order 18-19.

Furthermore, Plaintiff's attached subpoena is improper under Rule 45. Rule 45 provides that a subpoena may command the person to whom it is directed to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). Question 18 of Plaintiff's subpoena requests documents, which Rule 45 allows, but the request is overbroad and ambiguous. Questions 1 through 17 of the subpoena are phrased as interrogatories and requests for admission. Pursuant to Rules 33 and 36 of the Federal Rules of Civil Procedure, interrogatories and requests for admission may only be served on a party. Nurse Vanderkolk is not a party.

Rule 31 of the Federal Rules of Civil Procedure allows a party "to depose any person" by written questions, with the deponent's attendance compelled by subpoena under Rule 45. Fed. R. Civ. P. 31(a)(1). However, even if the Court were to construe Plaintiff's Motion as seeking issuance of a subpoena to compel Nurse Vanderkolk to attend and testify at a Rule 31 deposition, Plaintiff has not designated a time and place for such a deposition, has not designated a deposition officer, and has not shown that he can pay the costs associated with such a deposition.

"At first glance, a deposition upon written questions may look like an inexpensive way for a prisoner to do discovery compared with a traditional deposition but it usually is not." *Picozzi v. Clark Cnty. Detention Ctr.*, No. 2:15-cv-00816-JCM-PAL, 2017 WL 4678472, at *3 (D. Nev. Oct. 16, 2017). Although Rule 31 allows for parties to exchange written direct, cross, redirect, and recross questions for a witness, absent the parties' stipulation to another procedure, an officer authorized under Rule 28 must take the witness's deposition at a scheduled date and time and then prepare and certify a record of

the deposition. Fed. R. Civ. P. 31(a)(5), (b). Accordingly, "[t]o obtain a deposition upon written questions, the prisoner is responsible to pay the witness fee, deposition officer fee, court reporter fee, and the cost of the deposition transcript." *Picozzi*, 2017 WL 4678472, at *4. A plaintiff's "indigent status does not entitle him to a waiver of [these] fees." *Id.* (denying indigent plaintiff's motion for deposition upon written questions where the plaintiff did not designate a deposition officer and had not shown he could pay any of the costs associated with written depositions); *see also Masterson v. Campbell*, No. CIV S-05-0192 JAM DAD P., 2009 WL 2824754, at *1 (E.D. Cal. Sept. 1, 2009) (denying motion to take written depositions where plaintiff had "not shown that he is able and willing to procure the services of an officer that could administer the written deposition, certify [the witnesses'] responses, and prepare a record").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Issue a Subpoena for Nurse K. Vanderkolk (Doc. 56) is **denied**.

Dated this 31st day of October, 2019.

_____
Honorable Rosemary Márquez
United States District Judge